**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4500**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN MAURICE LUCAS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:07-cr-00046-FDW-1)

Submitted: February 20, 2009          Decided:  March 26, 2009

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark P. Foster, Jr., LAW OFFICES OF MARK P. FOSTER, P.C., Charlotte, North Carolina, for Appellant.   Gretchen C. F. Shappert, United States Attorney; Matthew T. Martens, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Maurice Lucas appeals from his conviction and 120-month sentence after pleading guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) (2006). Lucas claims that the traffic stop that led to his arrest was not supported by reasonable suspicion or probable cause, as the placement of his temporary registration plate in the window of his vehicle rather than the bumper did not violate any North Carolina motor vehicle regulation. Lucas contends the district court's interpretation of the relevant motor vehicle statute went beyond the terms of the statute itself and that the court improperly characterized the relevant issue as being whether the officer relied on a "reasonable" interpretation of that statute. After thoroughly reviewing the record, we conclude the district court did not err in denying Lucas' motion to suppress.

This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

2

Because an automobile stop constitutes seizure of an individual, police must comply with the Fourth Amendment's requirement "that it not be unreasonable under the circumstances." United States v. Wilson, 205 F.3d 720, 722 (4th Cir. 2000) (quoting Whren v. United States, 517 U.S. 806, 809-10 (1996)). An automobile stop "must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." United States v. Hassan El, 5 F.3d 726, 729 (4th Cir. 1993) (citing Terry v. Ohio, 392 U.S. 1 (1968)). While there are limited circumstances under which suspicionless automobile stops are permitted, police may not carry out random or discretionary stops that are unsupported by articulable, reasonable suspicion of a violation. Wilson, 205 F.3d at 722.

In ruling on the motion to suppress, the district court noted that, pursuant to N.C. Gen. Stat. Ann. § 20-63(d) (2007), a vehicle registration plate is required to be "attached to the rear of the motor vehicle." The district court found that the statute lacked a specific definition as to what constituted the "rear" of the vehicle and conceded that placing the registration tag in the back window, as Lucas had done, could arguably constitute compliance with the terms of § 20-63(d). The district court concluded, however, that § 20-63(d) could not be read in isolation, as another motor vehicle

3

statute, N.C. Gen. Stat. Ann. § 20-129(d) (2007), supported the officer's interpretation as to "proper placement" of the license plate, as a plate that was placed in the window could not be properly illuminated as required under § 20-129(d).

While neither party has brought to our attention any applicable case law regarding the specific requirements for placement of the registration plate under § 20-63(d), we note a recent decision by the North Carolina Court of Appeals, North Carolina v. Stone, 634 S.E.2d 244 (N.C. Ct. App. 2006), that addresses this very matter. In Stone, a police officer began following a vehicle after he suspected the driver was speeding. Id. at 246. When the vehicle stopped in a parking lot, the officer saw that "the vehicle's license plate was displayed on the rear window instead of the bumper," at which point the officer approached the vehicle. Id. The trial court determined that the officer's traffic stop "was based on a 'reasonable suspicion' (if not probable cause) that the driver had been speeding . . . and was not properly displaying the vehicle's license tag (in violation of N.C. Gen. Stat. § 20-63(d))." Id. at 247. Because the driver had been speeding and "the vehicle's license plate was displayed in the rear window, rather than on the bumper," the North Carolina Court of Appeals held that the officer had "reasonable suspicion, if not probable cause, to believe that two traffic violations had occurred." Id. at 248.

4

Stone supports the conclusion that placement of the tag on the rear window, alone, constituted a violation of § 20-63(d) and provided probable cause for a traffic stop.  To the extent that Stone leaves any room for doubt, however, we agree with the district court that, under the circumstances of this case, the display of the registration tag was unlawful under North Carolina law, as the tag was not properly illuminated under § 20-129(d) of the North Carolina Code.  Accordingly, the fact that the tag was displayed in the rear window in a manner in which it was unreadable provided the officer with probable cause to stop Lucas' vehicle.  Hence, the district court properly denied Lucas' motion to suppress.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED